UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LUTHER BRADY TANSIL,

    Plaintiff,          Case No. 2:09-cv-140

v.                            Honorable Robert Holmes Bell

DEPARTMENT OF NAVY, et al.,

    Defendants.
_____/

## OPINION

Plaintiff Luther Brady Tansil, an inmate currently confined at the Saginaw Correctional Facility, filed this *pro se* action challenging his bad conduct discharge from the Navy and his court martial conviction. In January 1991, Plaintiff received a positive urinalysis test for a controlled substance. While awaiting a Special Court Martial, Plaintiff was transferred from his duty assignment at the Navy Commissary Store in Long Beach, California, to the Navy Transit Unit, also located in Long Beach. On April 29, 1991, Plaintiff was convicted by Special Court Martial and ultimately received a Bad Conduct Discharge resulting from his substance abuse. Plaintiff claims his failed urinalysis test was the basis for his discharge from the Navy. Plaintiff believes that he should have been offered rehabilitation before discharge. Plaintiff's application for Correction of Military Records to the Board of Correction of Naval Records was denied. Plaintiff asserts that the Board stated in error that Plaintiff was classified as a deserter and discharged.

Plaintiff claims that he submitted evidence that he was discharged for substance abuse and not as a deserter. However, the Board determined on December 15, 2008, that Plaintiff's request

for reconsideration was not appropriate. Plaintiff made another request for reconsideration which was denied on May 10, 2009. Plaintiff filed this lawsuit arguing that the Board's denial of relief was based upon the inaccurate information that he was discharged for desertion, when he was actually discharged for substance abuse. However, the Board did note that Plaintiff was not discharged for being a deserter, but was discharged for substance abuse. Nevertheless, the Board stated that reconsideration was not appropriate. Further, Plaintiff claims that he should have been provided with rehabilitation before he was discharged from the Navy. Plaintiff claims racial discrimination because of an inconsistency in the way substance abuse is handled in different branches of the military and because a higher proportion of African American members of the United States Military are discharged for substance abuse than white military members. Plaintiff claims that the Board for Corrections of Naval Records failed to conduct a thorough review, and never considered documentation obtained from the Office of the Judge Advocate General that proved that he was not a deserter. Plaintiff claims that the denial of his appeal was simply "rubber stamped" without any consideration. Plaintiff alleges that he was separated from active duty on May 22, 1991, and his family was forced to move from military housing on June 7, 1991. Plaintiff requests that the court upgrade his discharge to an honorable discharge. Plaintiff also requests compensatory damages of $57,600.00 and punitive damages of $10,000,000.00.

Presently before the Court is the Defendants' Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Defendants argue that under the Tucker Act, 28 U.S.C. § 1491, which grants exclusive jurisdiction of non tort monetary claims in excess of $10,000.00 to the United States Court of Federal Claims, requires dismissal of this action for lack of subject matter jurisdiction.

Plaintiff argues that the main focus of his complaint is his request for an upgraded military discharge and not his multi-million dollar monetary award request. Plaintiff argues that because his main claim is for an upgraded military discharge, this court has jurisdiction under 28 U.S.C. § 1331, which grants the district courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. However, nowhere does that statute provide a district court jurisdiction to hear lawsuits against the United States. The United States is generally immune from liability unless that immunity is specifically waived. *Hercules, Inc. v. United States,* 516 U.S. 417, 422 (1996). "Congress created the Claims Court to permit 'a special and limited class of cases' to proceed against the United States." *Id.* at 423 (footnote omitted). The Tucker Act, 28 U.S.C. § 1491(a)(1) provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Little Tucker Act, 28 U.S.C. § 1346(a)(2) provides federal district courts with jurisdiction that is concurrent with the Federal Court of Claims for most non-tort actions brought against the United States for claims of relief less than ten thousand dollars. Therefore, the United States Court of Federal Claims has exclusive jurisdiction over non-tort claims against the United States for damage claims in excess of ten thousand dollars. *Chelsea Community Hospital, SNF v. Michigan Blue Cross Association,* 630 F.2d 1131, 1136 (6th Cir. 1980). Further, the Court of Claims has authority to complete the remedy by restoring a party to a position or office, or by correcting applicable records. 28 U.S.C. § 1491(a)(2); *Smith v. Secretary of the Army*, 384 F.3d 1288, 1292 (Fed. Cir. 2004).

In *Smith*, the plaintiff, a retired army officer, filed suit in the district court challenging the decision not to promote him to the rank of colonel. The plaintiff requested monetary damages and the matter was transferred from the District Court to the Federal Court of Claims. The plaintiff appealed the transfer and the Court of Appeals remanded the matter for consideration of whether monetary damages were available to an officer who had voluntarily retired.

> Accordingly, we remand this case to the district court to determine whether Dr. Smith's retirement was voluntary and whether an order granting Dr. Smith the additional constructive service credit he seeks would raise a monetary claim under the Military Pay Act. That determination, in turn, will likely dictate whether a transfer to the Court of Federal Claims is permitted in this case, or whether the case will remain in the district court, although in that event Dr. Smith will be limited, in light of 5 U.S.C. § 702, to his claims for equitable relief.

*Smith*, 384 F.3d at 1297.

In the instant case, although Plaintiff characterizes his primary claim as one for the correction of his record regarding his military discharge, Plaintiff has asked for monetary damages in excess of ten million dollars under the Military Pay Act, 37 U.S.C. § § 204, 205 and 10 U.S.C. § 1174. Plaintiff was involuntarily discharged from the military and would be entitled to a claim of damages if he is successful in his attempt to correct his military record. Plaintiff requests that the district court render a decision regarding the correction of his military record before he seeks damages in the Federal Court of Claims. However, as noted above, the Federal Court of Claims has jurisdiction in this matter both to award monetary damages and to correct Plaintiff's military record. As stated by the court in *Smith*, the fact that a plaintiff seeks different kinds of remedies does not justify allowing him to litigate the same claim in multiple forums. Thus, it would be improper to divide this case into two parts based on the character of the remedies being sought by Plaintiff. *Smith*, 384 F.3d at 1297, n. 4.

This court lacks subject matter jurisdiction to adjudicate monetary claims for damages in excess of ten thousand dollars against the United of States of America. In addition, the court concludes that it would be an improper use of judicial resources to allow Plaintiff to litigate the same claim in both this court and the United States Court of Federal Claims merely because of the nature of the remedies being sought. Accordingly, Defendants' motion to dismiss (Docket # 31) is granted and this case is dismissed without prejudice.

An Order and Judgment consistent with this Opinion will be entered.


Dated: March 22, 2011                    /s/ Robert Holmes Bell
                                                       ROBERT HOLMES BELL
                                                       UNITED STATES DISTRICT JUDGE